**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NICHOLAS GUEDRY, #443348                                Case No. 09-11522

        Plaintiff,                                HON. MARIANNE O. BATTANI

v.

DAN RIOPELLE, et al.,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION GRANTING
DEFENDANT RIOPELLE'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff, Nicholas Guedry, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. § 1983, alleging that multiple defendants violated his constitutional rights. Defendant Dan Riopelle subsequently filed a Motion to Dismiss. The Court referred this matter to Magistrate Judge Mark A. Randon for a Report and Recommendation pursuant to 28 U.S.C. 636(b)(1), who recommends that this Court grant Defendant Riopelle's Motion to Dismiss. See Report and Recommendation ("R&R") at 6. Plaintiff filed an objection, which is before the Court. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. BACKGROUND

Plaintiff currently is incarcerated in the Bellamy Creek Correctional Facility in Ionia, Michigan. According to Plaintiff's Complaint, Riopelle, the Farm Supervisor, permitted Plaintiff to work on the MDOC farm in conditions that exposed Plaintiff to a "dangerous infection of ringworm." (See Compl. at p.4.) Guedry alleges that he contracted ringworm and a related infection because he lacked a "proper place to wash up" and "proper safety equipment." (Id.) Guedry's repeated requests for medical treatment were largely ignored, and ultimately, his condition was misdiagnosed by prison staff. (Id.) As a result, Guedry seeks an award of money damages against Riopelle, two unidentified nurses, and an unidentified prison officer for violation of his Eighth Amendment rights. Riopelle moved to dismiss based on Plaintiff's failure to exhaust administrative remedies. Plaintiff objects to Magistrate Judge Randon's recommendation that the Court dismiss Riopelle.

## III. STANDARD OF REVIEW

In cases where a Magistrate Judge has submitted a Report and Recommendation and a party has properly filed objections to it; the district court must conduct a *de novo* review of those parts of the R&R to which the party objects. 28 U.S.C. § 636(b)(1).

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Jones v. City of Carlisle, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was

committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996).

**IV.   ANALYSIS**

The MDOC provides prisoners with a procedure for seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement.  Guedry availed himself of the procedure when, on July 31, 2007, he filed grievance MBP 2007-08-1574-12d1.  The policy dictates that certain information must be included in the grievance.  It instructs that "[t]he issues should be stated briefly and concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC Policy Directive 03.02.130 (Doc. No. 10, Ex. A.)

Plaintiff's grievance, in its entirety, reads as follows:

I contacted MBP Medical Health Care "urgent care" multiple times.  They refused to treat my conditions resulting [in] scarring on my face, neck, chin, arm & hands. I was transferred to JCS in critical condition and was immediatly (sp) taken to Duane Waters Hospital.  The result of MBP healthcare neglect, I am now permently (sp) scarred. To resolve this issue I would like to be assured MDOC acknowledges their neglect which caused severe scarring throughout my face, neck, chin & arms.  It also covers all costs to treat the scarred areas after discharge. In the alternative, there is no undoing the neglect.  I seek punitive damages in the amount no less than $100,000.

This grievance was pursued through Step III of the applicable grievance procedure.  Defendant Riopelle is not named or described at any step in the grievance process.  Guedry also makes no allegations about a lack of safety equipment or a proper place to wash up in his grievance form.  No other administrative procedures

3

were initiated regarding the allegations in Guedry's Complaint. (Doc. No. 10, Ex. B and Doc. No. 11.)

Although Guedry acknowledges that he did not name or allege any wrongdoing against Riopelle in the grievance process, he advances several excuses for his failure. First, he contends that filing a separate grievance would have been duplicative of issues already raised and in violation of the policy.  Next, Guedry argues that it would have been futile to file a grievance against each named defendant and that failing to name Riopelle was "simply a slip of thought due to the other mental and stress pressures that came with attempting to obtain Justice as again working pro se as a Lay-Person." (Doc. No. 22.)  Finally, Guedry contends that Rule 15(a), FED. R. CIV. P.,  favors leave to amend, and  the interests of justice require the Court to allow him to pursue his cause of action against Riopelle.

Guedry's arguments do not overcome the simple fact that he failed to name or describe Riopelle in his grievance.  The policy clearly required him to give information as to dates, times, places, and names of all those involved in the applicable issue. Guedry is required to file a grievance and exhaust his administrative remedies even if he believes that his grievance would have been futile, time-barred, or rejected.  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).  In this case, Guedry presents no facts or argument that overcome his failure to exhaust his administrative remedies against Riopelle.

Under 42 U.S.C. § 1997(e)(a), a prison inmate cannot maintain a civil rights action challenging prison conditions if he does not first exhaust all available administrative remedies.  This "proper exhaustion" is determined by the inmate's

compliance with the prison grievance procedures.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Although the Supreme Court in Jones v. Bock, 549 U.S. 199, 211 (2007), held that the PLRA does not require a prisoner to name all potential defendants in a grievance, the case is distinguishable from the present action because it was based on a previous policy version that did not require prisoners to name all persons involved in their grievance. See generally Jones, 549 U.S. 199 (2007).  Jones clearly held that "it is the prisons's requirements, not the PLRA, that define the boundaries of proper exhaustion." Id. at 217.  Here, the policy required the prisoner to name all potential defendants.  Because Guedry has not exhausted his administrative remedies against Riopelle, he must be dismissed.

## V.   CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.  The Court **REJECTS** Plaintiff's objections and **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                                    s/Marianne O. Battani                     
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE


DATED: December 18, 2009
### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                                    s/Bernadette M. Thebolt
                                                    Case Manager

5