UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS GUEDRY, #443348

    Plaintiff,                                  CIVIL ACTION NO. 09-11522

    v.                                          DISTRICT JUDGE MARIANNE O. BATTANI

DAN RIOPELLE, JOHN DOE             MAGISTRATE JUDGE MARK A. RANDON
Nurse, JANE DOE Nurse, and
JOHN DOE Officer,

    Defendants.
                                    /

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT STALEY'S
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 33)**

**I. INTRODUCTION**

Plaintiff, Nicholas Guedry, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. § 1983, alleging that multiple defendants violated his constitutional rights by failing to provide him with adequate medical care. The matter was referred to the undersigned for all pretrial proceedings. Presently before the court is Defendant Gail Staley's ("Nurse Staley") motion for summary judgment. (Dkt. No. 33) Nurse Staley contends that she was not deliberately indifferent to Plaintiff's medical needs, and that Plaintiff's claims against her are also precluded by immunity. Plaintiff was ordered to respond to the motion on two occasions (Dkt Nos. 34 and 36); to date, however, no response has been filed. Notwithstanding this lack of opposition, for the reasons discussed below, **IT IS RECOMMENDED** that Nurse Staley's motion for summary judgment be **GRANTED** and Plaintiff's claims against her be **DISMISSED WITH PREJUDICE**.

-1-

## II. FACTS

Plaintiff is currently incarcerated in the Bellamy Creek Correctional Facility in Ionia, Michigan.[1] According to Plaintiff's Complaint, Riopelle, the Farm Supervisor, permitted Plaintiff to work on the MDOC farm in conditions that exposed Plaintiff to a "dangerous infection of ringworm."[2] (*See* Compl. at p. 4.) Plaintiff alleges that he contracted ringworm and a related infection because he lacked a "proper place to wash up" and "proper safety equipment." *Id.* Plaintiff also alleges that his repeated requests for medical treatment were largely ignored, and ultimately, his condition was misdiagnosed by prison staff. *Id.* Plaintiff claims to have suffered "a lot of pain" and alleges that he has permanent scarring on his neck and chin due to the deliberate indifference of Defendants. As a result, Plaintiff seeks no less than $100,000.00 in compensatory damages.

Nurse Staley's only involvement with Plaintiff was on June 5, 2006, when she assessed his condition. (Dkt. No. 22, medical records dated June 5, 2006, 9:47 am) She noted "circular/reddened areas below chin suspect tinea corporis" (ringworm of the body) and scheduled Plaintiff to see a Medical Provider on June 6, 2006. *Id*. Nurse Staley had no further contact with Plaintiff relevant to the allegations contained in his complaint.

## III. ANALYSIS

### A. *Standard of Review*

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a

---

[1] On April 7, 2010, Plaintiff indicated he would be released from MDOC custody on June 3, 2010 (Dkt. No. 35). However, Plaintiff has not filed a change of address request with the court.

[2] Riopelle was dismissed from this case on December 18, 2009. (Dkt. No. 28)

declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co.,Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

### B. *Nurse Staley is entitled to summary judgment on Plaintiff's deliberate indifference claim*

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner

must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. *Wilson*, 501 U.S. at 300. The objective element is satisfied by a showing that Plaintiff had a serious medical need. *Wilson*, 501 U.S. at 297; *Farmer v. Brennan*, 511 U.S. 825 (1994). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer*, 511 U.S. at 837. Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

In this case, there is no evidence on this record that Nurse Staley denied Plaintiff any medical treatment. She had one encounter with Plaintiff on June 5, 2007; she made her nursing assessment and referred Plaintiff to the Medical Provider (David E. Guinn, N.P.), who saw Plaintiff the next day. Mr. Guinn then prescribed Ketoconazole (generic for Nizoral), which is a topical antifungal medication used to treat ringworm. (Dkt. No. 22, Medical Record 6/6/07) As such, Nurse Staley

was not deliberately indifferent to Plaintiff's medical condition, and she is entitled to summary judgment.

        ***C.     Nurse Staley is immune from liability***

              ***1.     Eleventh Amendment immunity***

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second Congress may, in certain constitutionally mandated circumstances, abrogate the states' immunity through statute, and third "a federal court may enjoin a 'state official' from violating federal law." *Id.* at 334-335 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

With the exception of prospective injunctive relief, § 1983 claims against state officials in their official capacity – like Nurse Staley – are also barred by the Eleventh Amendment as claims against the state itself. *Will*, 491 U.S. at 71. Here, Plaintiff is not seeking injunctive relief. Therefore, any claims stated against Nurse Staley in her official capacity are precluded by Eleventh Amendment immunity.

### *2. Qualified immunity*

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, 466 F.3d 416, 426 (6th Cir. 2006) (citing *Walsh v. Cuyahoga County*, 424 F.3d 510, 513 (6th Cir. 2005)).

In evaluating a qualified immunity defense, the court engages in a two-part analysis. The court first determines whether, on the facts alleged, the official violated a constitutional or statutory right. *Saucier v. Katz*, 533 U.S. 194, 194 (2001). "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Perez*, 466 F.3d at 427. Under the second step, the court determines whether the right violated was "clearly established" at the time of the violation. *Id.* "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" *Id.* (citing *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999)). The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable person that his conduct was unlawful in the situation he confronted. A plaintiff must show that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Id.* "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized." *Id.* "In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of [the Sixth Circuit] and the Supreme Court." *Id.* This means that Plaintiff must show that binding authority would have alerted a reasonable person in Nurse Staley's position that her conduct was unlawful. *Id.* at 428. Although *Saucier* mandated

a determination of these questions in sequential order, courts are no longer required to do so. *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 818 (2009).

In this case, Plaintiff's claims against Nurse Staley are also precluded by qualified immunity. Her only involvement in any of the matters raised in Plaintiff's Complaint was her one encounter with him on June 5, 2007. Nurse Staley's actions were not improper or unlawful. As a nurse, she cannot prescribe medication and acted reasonably in referring Plaintiff to the Medical Provider, who saw and treated Plaintiff the following day. Therefore, Plaintiff's claims are also precluded by immunity.

**IV. CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that Nurse Staley's motion for summary judgment (Dkt. No. 33) be **GRANTED** and Plaintiff's claims against her be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                            s/Mark A. Randon
                                            MARK A. RANDON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: November 8, 2010

                                            Certificate of Service

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 8, 2010, by electronic and/or first class U.S. mail.

                                            s/Melody R. Miles
                                            Case Manager to Magistrate Judge Mark A. Randon

Copies mailed to:
    *Nicholas Guedry*, #443348

    *BELLAMY CREEK CORRECTIONAL FACILITY*
    *1727 WEST BLUEWATER HIGHWAY*
    *IONIA, MI 48846*